Filed 9/10/24  S.K. v. G.B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| S.K., | C099282 |
| Plaintiff and Appellant, | (Super. Ct. No. 199298) |
| v. | |
| G.B., | |
| Defendant and Respondent. | |

Plaintiff S.K. appeals in propria persona from the denial of his petition to extend a civil harassment restraining order.  S.K. contends the trial court improperly classified his request for a domestic violence restraining order as a request for a civil harassment restraining order, and that this misclassification prevented his renewal petition from being granted.  Disagreeing, we affirm.

1

FACTS AND PROCEEDINGS

In 2022, S.K. petitioned for a civil harassment restraining order against his uncle G.B. using the standard form CH-100, titled Request for Civil Harassment Restraining Orders. Following a contested hearing, the trial court granted the petition and issued a restraining order for one year. The following year, S.K. requested to renew the restraining order for another five years using the standard form CH-700. The court found the evidence that G.B. would continue a pattern of harassment "unpersuasive" and denied the request.

S.K. appealed. S.K. filed his opening brief on April 8, 2024. G.B. did not file a responsive brief. S.K. did not provide us with a reporter's transcript of the relevant hearings.

DISCUSSION

S.K. asserts that he "sought a [domestic violence] restraining order" in this matter but claims the "court filing clerk refused to provide the requested forms and instead furnished [civil harassment] restraining order forms." S.K. submits that "[t]he misclassification of the request by the court filing clerk deprived [him] of the full protections of a [domestic violence] restraining order . . . which resulted in the non-renewal of the order." He asks this court to "reverse the trial court's decision, convert the Civil Harassment order to a Domestic Violence order using a Nunc Pro Tunc (or similar) motion, and renew the order for 3-5 years as originally sought."

Nothing in the record supports the assertion that S.K. tried to request a domestic violence restraining order but was prevented from doing so by the trial court. But even if this claim had a factual basis, S.K. fails to establish error by the court clerk because abuse by an uncle generally does not qualify as domestic violence. (See Fam. Code, § 6211, subd. (f) [defining "domestic violence" to include abuse committed against anyone related to the perpetrator "by consanguinity or affinity within the second degree"];

2

*People v. Williams* (1997) 16 Cal.4th 635, 653 [explaining that uncle and nephew are related in the third degree].)[1]

Further, S.K. cites no statute or case law authorizing us to convert the expired civil harassment restraining order into a domestic violence restraining order and then renew the order for a period of three to five years. And even assuming we could grant the relief he seeks, in the absence of a reporter's transcript of the trial court proceedings, we cannot determine whether such relief is warranted. (Cf. *Defend Bayview Hunters Point Com. v. City and County of San Francisco* (2008) 167 Cal.App.4th 846, 859-860 ["Failure to provide an adequate record on an issue requires that the issue be resolved against the appellant"].)

For all these reasons, S.K.'s claim fails to persuade.

## DISPOSITION

The order denying S.K.'s request to renew the civil harassment restraining order is affirmed.

_____/s/_____
Duarte, Acting P. J.

We concur:

_____/s/_____
Krause, J.

_____/s/_____
Mesiwala, J.

---

[1] Domestic violence is also defined as abuse perpetrated by a person's "former cohabitant." (Fam. Code, § 6211, subd. (b).) Though the record suggests S.K. lived with his uncle 15 years ago, S.K. does not establish that domestic violence protections are available when the former cohabitation is so temporally remote.

3